**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**SYLVIA ARDLEY,**

      **Plaintiff,**

**v.**                            **CASE NO. 1:09cv185/MP/GRJ**

**MICHAEL J. ASTRUE,**

      **Defendant.**

_____/

## O R D E R

    This matter is before the court on plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 32). The Commissioner has filed a response (doc. 34) indicating that he does not contest payment of attorney fees in this case in the total amount of $20,213.78. Although the amount is uncontested, the court must still make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not to exceed twenty-five percent of past-due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement).

    The court finds upon consideration of the factors cited with approval in *Gisbrecht* that the requested fee award is reasonable. The representation of plaintiff in this case was not substandard, and the attorney for plaintiff, does not appear to have been responsible for any delays in this matter. Moreover, counsel represented plaintiff on a contingency fee basis for an extended period of time, obtaining past-due benefits in the amount of $84,887.52. Plaintiff's counsel states that he expended a total of 6.90 hours in 2009

through 2011 representing plaintiff before this court.  The twenty-five percent contingency fee agreement yields $22,221.88, which equals an hourly rate of $3,220.56 an hour.  While the hourly rate almost certainly exceeds market rates, by working on a contingency fee basis counsel accepted the risk of not being compensated for his efforts.  As such, the requested fee is not a windfall.  Furthermore, the plaintiff has made no objection to his attorney's fee request.

The Commissioner withheld $22,221.88 of plaintiff's past-due benefits for attorney fees.  Pursuant to the fee agreements in this case, plaintiff's counsel seeks this amount minus $1,008.10, which has already been received by counsel pursuant to the Equal Access to Justice Act .  Thus, plaintiff's counsel seeks $20,213.78, and not the full amount of past-due benefits withheld.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for attorneys' fees (doc. 32) is GRANTED.  Pursuant to 42 U.S.C. § 406(b), plaintiff's attorney is awarded fees in the amount of $20,213.78.  Defendant is ordered to pay the fee from plaintiff's past-due benefits being held by defendant.

**DONE AND ORDERED** this 31st day of October, 2011.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**